KILGORE, APPELLEE, *v.* KRABACH, DIR. OF FINANCE, ET AL., APPELLANTS.*

(No. 7274—Decided February 11, 1963.)

---

*Motion to certify the record overruled (38110), June 12, 1963.

*Mr. John A. Brown,* for appellee.

*Mr. William B. Saxbe,* attorney general, *Mr. Gerald A. Donahue* and *Mr. James E. Rattan,* for appellants.

BRYANT, J. This is an appeal on questions of law. Glen Kilgore, appellee herein, a full time permanently appointed employee in the classified civil service of the state, brought suit in the court below asking for a declaratory judgment as to the rights of himself and other employees of the same class to the observance of February 12, Lincoln's birthday, and February 22, Washington's birthday, as legal holidays with pay.

The petition names Richard L. Krabach, Director of Finance, James A. Rhodes, Governor, and Roger Tracy, Auditor of State, appellants herein, as defendants, and alleges the issuance of an order by Director Krabach at the direction of Governor Rhodes requiring all state offices to remain open and all state employees to work a full day on those two holidays.

The answer admits that appellee was a state employee as alleged in the petition and admits that Krabach issued the order described in and attached to the petition. The matter came on for hearing and the court issued a temporary injunction, and later a permanent injunction, against the three officials.

The order of Krabach reads as follows:

"It is directed that all state offices will remain open and fully staffed on Tuesday, February 12th, and Friday, February 22nd.

"In view of the presently depressed condition of the general fund and the necessity of not curtailing services, it is to be noted that our present payroll costs the state of Ohio $1,180,000 a day.

"The aforementioned holidays are mentioned in Section 1.14, Revised Code of Ohio, but the subject matter of said section does not lend itself to any interpretation that state offices be closed on these dates. Everybody else works on these dates. There is no logical reason why state employees should not do so.

"By direction of Governor James A. Rhodes."

The judgment of the court below, from which this appeal was taken, in substance determined that February 12, Lincoln's birthday, and February 22, Washington's birthday, are legal holidays and that pursuant to the provisions of Section 143.11,

Revised Code, and Section 1.14, Revised Code, as amended, state employees of the class of appellee are entitled to a paid vacation on those legal holidays and may not be required to work unless failure to work would impair the public service; and that if such employees are required to work on such days, they are entitled to extra pay at the regular rates or compensatory time off within 180 days thereafter.

It is claimed on behalf of the defendants, that the judgment of the court below is erroneous, and the granting thereof is the single error which is claimed in the brief and assignment of error filed on their behalf.

That Abraham Lincoln and George Washington are our greatest national heroes cannot be disputed. Their stature and the deeds they accomplished were so outstanding that they are forever enshrined in the hearts of Americans everywhere. The shadow of their greatness has spread far beyond our shores and they both are recognized throughout the free world as champions of freedom and liberty.

No defense need be made of a nation or a state in its efforts to pay deep respect to outstanding leaders of the past. It is the mark of a truly civilized people and indeed is not called in question here except by a slight suggestion during argument that in some parts of the South, Lincoln's birthday is not observed. The answer to that is that this is Ohio and it is Ohio law that matters.

There is not and cannot be any question as to the power of the General Assembly to establish these two holidays, nor is the existence of such power an issue in this case. The only matter urged with any seriousness is the claimed question that the Legislature has not done so, that so far as state government is concerned there are really only two holidays, Labor Day and Columbus Day, and that the provisions of state law recognizing by name ten holidays apply only to the field of commercial law, negotiable instruments and the like.

An attempt was made during argument to refer to certain alleged notes kept by a legislative committee to show that a recent amendment of one of the statutes involved was not intended to create new holidays. There are two answers to that argument. First, that it goes outside the record, which is completely untenable, and second, if all the alleged notes were a part of

the record, this court still is required to interpret the legislative acts by examination of the acts themselves, and the acts are the best evidence of the legislative intent.

The enumeration of legal holidays for the purpose of commercial regulations in our state law is very ancient, apparently extending back to 58 Ohio Laws, 41, included in Revised Statutes 3178f and in the General Code of 1910 as Section 8301. While February 22, Washington's birthday, had been included prior thereto, it was by an act passed on March 27, 1919, 108 Ohio Laws, 132, that February 12, Lincoln's birthday, was added to the list of legal holidays enumerated in Section 8301, General Code, where it has remained since.

In 1929 (113 Ohio Laws, 23), Section 8301 was amended to add November 11, Armistice Day (since changed to Veterans' Day), and no other changes were made during the life of the General Code which ended with the enactment of the Revised Code effective on October 1, 1953. Former Section 8301, General Code, was substantially enacted in the Revised Code without change as Section 1303.45, Revised Code, remaining until the latter section was repealed effective July 1, 1962, by the enactment of the Uniform Commercial Code, 129 Ohio Laws, 13.

It is true that former Section 8301, General Code, was a part of Title VII, Commercial Regulations, Division II, Negotiable Instruments, and that it was expressly said in that section that the designation in that section of the several days as legal holidays was for the purpose of "this division," meaning Division II, *supra.* It is also true that in the former Section 1303.45, Revised Code, the section began with the words: "The following days shall be holidays under Chapters 1301 [Negotiable Instruments-General Provisions], 1303 [Negotiable Instruments-Notice; Protest; Discharge], 1305 [Bills of Exchange] and 1307 [Promissory Notes-Checks] of the Revised Code * * *."

Unfortunately, this is another case in which we are importuned to render a decision in such a short time that other less pressing matters must be pushed aside for the moment and the fullest research is not possible.

One of the early statutory provisions with reference to legal holidays and their application to state government and state employees was the former Section 154-20, General Code, en-

acted as a part of the Administrative Code, House Bill 249, 109 Ohio Laws, 105, 109, an emergency measure, effective April 26, 1921.

It was this section which remained in the General Code until the latter was repealed effective October 1, 1953, with the enactment of the Revised Code, when it became Section 121.16, Revised Code, with no change in substance. Later, the provisions of this section with some changes became two sections, Section 121.16 and Section 121.161 of the Revised Code, the former retaining the provisions of interest here. (See Amended House Bill 52, enacted in 126 Ohio Laws, 424, effective October 11, 1955.)

It was in 1961 that former Section 121.16 of the Revised Code was repealed and in place of it Section 143.11 of the Revised Code was enacted effective January 1, 1962. (See 129 Ohio Laws, 1002.) The only difference between the former Section 121.16, Revised Code, and the present Section 143.11, Revised Code, is that the time for allowing compensatory time off is increased from 90 days in the former section to 180 days in Section 143.11, *supra.*

This section is of prime importance in determining the question now before the court. It reads as follows:

"Forty hours shall be the standard work week for all employees whose salary or wage is paid in whole or in part by the state. Such employees shall not be required to work on days declared by law to be holidays unless failure to work on such holidays would impair the public service. Where such employees are required by their responsible administrative superiors to work in excess of forty hours in any seven day period or on days declared by law to be holidays, they shall be compensated for such time worked at their regular rate of pay, or be granted compensatory time off within one hundred eighty days thereafter."

Thus we find that in Section 154-20, General Code, as enacted in 1921, the phrase, "days declared by law to be holidays," was used as descriptive of the legal holidays to be recognized for the purpose of state government and for the allowance of legal holidays to state employees. This identical phrase unchanged appears in the form of Section 143.11, Revised Code, quoted above and effective today. Also in the 1921 form of

former Section 154-20, General Code, an exception was made "in cases in which * * * the public service will not thereby be impaired," while in Section 143.11, Revised Code, a substantially identical exception is contained in these words: "unless failure to work on such holidays would impair the public service."

What then were the "days declared by law to be holidays" referred to in former Section 154-20, General Code? In our opinion, they were the days enumerated in Section 8301, General Code, as it then existed, which at that time included the twenty-second day of February known as Washington's birthday and the twelfth day of February known as Lincoln's birthday, the latter having been added by amendment passed March 27, 1919 (108 Ohio Laws, Pt. 1, 132).

The argument was made that Section 8301, General Code, and its successor, Section 1303.45, Revised Code, by their express terms limit the holidays enumerated in those sections to commercial transactions. This argument would be sound if the only section of law we were dealing with is Section 8301, General Code, or Section 1303.45, Revised Code.

But we are not dealing just with those sections. We are dealing with another section of law that refers to them plainly and clearly, for no one can question that former Section 8301, General Code, for the purpose of the Commercial Code, did clearly and in unmistakable terms establish legal holidays. We know of no reason why the General Assembly of Ohio in determining the days on which state offices should be closed and state employees given a paid holiday might not refer to legal holidays established in other sections of the Code. Any other interpretation would render former Section 154-20, General Code, former Section 121.16, Revised Code, and the present Section 143.11, Revised Code, without meaning. Such an interpretation would be contrary to and at odds with the long-established interpretation which is admittedly otherwise.

But there is still another and a more compelling reason in our judgment and opinion why we are compelled to hold that the Legislature has ordered and directed that state government shall cease operation and state employees shall have paid vacation "unless failure to work on such holidays would impair the public service."

That reason may be found in two separate although possibly related acts of the 104th General Assembly of Ohio. The first of these is Amended Senate Bill No. 5, enacting the Uniform Commercial Code, effective July 1, 1962 (129 Ohio Laws, 13), which provided for the repeal, at page 182, of Section 1303.45, Revised Code, defining legal holidays. So far as we can ascertain, the provisions formerly contained in Section 1303.45, Revised Code, were not re-enacted elsewhere in Amended Senate Bill No. 5, *supra*.

The other act in question is Amended Substitute House Bill No. 107, amending Section 1.14 of the Revised Code, effective October 11, 1961 (129 Ohio Laws, 1073). This section as amended reads as follows:

"The time within which an act is required by law to be done shall be computed by excluding the first and including the last day; except that when the last day falls on Sunday or a legal holiday, then the act may be done on the next succeeding day which is not a Sunday or a legal holiday.

"When a public office in which an act, required by law, is to be performed is closed to the public for the entire day which constitutes the last day for doing such act or before its usual closing time on such day, then such act may be performed on the next succeeding day which is not a Sunday or a legal holiday as defined in this section.

" 'Legal holiday' as used in this section means the following days:

"(A) The first day of January, known as New Year's day;

"(B) The twelfth day of February, known as Lincoln's birthday;

"(C) The twenty-second day of February, known as Washington's birthday;

"(D) The thirtieth day of May, known as Decoration or Memorial day;

"(E) The fourth day of July, known as Independence day;

"(F) The first Monday of September, known as Labor day;

"(G) The twelfth day of October, known as Columbus day;

"(H) The eleventh day of November, known as Veterans' day;

"(I) The twenty-fifth day of December, known as Christmas day;

"(J) Any day appointed and recommended by the governor of this state or the president of the United States as a holiday.

"If any day designated in this section as a legal holiday falls on Sunday, the next succeeding day is a legal holiday."

It will be noted that the above section was by act of the General Assembly placed at the beginning of the Revised Code. As is well known, the Revised Code is divided under titles numbered from 1 through 61. Prior to Title 1 in the Revised Code are five chapters called General Provisions and the first of these, Chapter 1, is called Definitions; Rules of Construction. It was in this chapter that the General Assembly in 1961 specifically placed the language which is now Section 1.14, Revised Code.

It was argued that the reference to legal holidays contained in Section 1.14, Revised Code, as amended, is but a carry-over from the former provisions of Section 1303.45, Revised Code. That may well be, but we also note that completely missing in the new law is the language of the former section limiting the provisions to the Commercial Code. The striking out of the limiting language found in the former Section 1303.45, Revised Code, is but a further evidence of the intention of the General Assembly that the enumeration of legal holidays should not be so limited.

Of no less importance is the fact that the enumeration of the various state legal holidays was placed in the general definitive provisions at the beginning of the Code.

Referring again to Section 143.11, attention should be called to the clear mandate contained in that section that "all employees whose salary or wage is paid in whole or in part by the state" "shall not be required to work on days declared by law to be holidays" and the only exception is in case "failure to work on such holidays would impair the public service."

A clearer command can hardly be found. It is then provided that if public service would be impaired by not working, the responsible administrative superiors, which under our form of government are the directors of the various departments, may order such employees to work, but that they are required to be given compensatory time off within 180 days or given extra pay at the regular rate.

The foregoing constitutes what we regard as valid acts of the General Assembly. Under our Constitution, the power to suspend an act of the General Assembly is reserved to the General Assembly.

It follows therefore in our opinion that the error assigned is not well taken and must be overruled, the cause remanded, the judgment and final order of the court below affirmed and the permanent injunction granted by the court below continued in full force and effect.

*Judgment affirmed.*

DUFFY, P. J., and DUFFEY, J., concur.